UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HOWARD FREDRIKSEN,

Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HOWARD FREDRIKSEN, sues Defendant ROYAL CARIBBEAN CRUISES

LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages in excess of seventy-five thousand ($75,000.00)

dollars, exclusive of interest and costs.

2.      Plaintiff, HOWARD FREDRIKSEN, is a citizen and permanent resident of the state

of  New York and is sui juris.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

3.      Defendant ROYAL CARIBBEAN is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

4.      This Court has subject matter jurisdiction over this case pursuant to the diversity jurisdiction provided under 28 U.S.C.§ 1332.  As alleged above, the Plaintiff is a citizen and permanent resident of the State of New York, while the Defendant is for federal jurisdictional purposes a citizen of the State of Florida, the location of its principal place of business.  The damages alleged in Paragraph 12  below support an award of damages in excess of the jurisdictional amount of $75,000.00.

5.       At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6.      The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.  In addition, the applicable ticket contract between the parties requires venue in this Court.

7.      Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract via email on June 6, 2019, as acknowledged by the Defendant in the attached email acknowledgement of June 11, 2019.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

8.      The Defendant has agreed to extend the time provided by the ticket contract to file suit, so this action is timely.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

9.      At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S ADVENTURE OF THE SEAS."

10.     At all material times, the Plaintiff was a fare-paying passenger on board the M/S "ADVENTURE OF THE SEAS" and in that capacity was lawfully present on board the vessel.

11.     On or about May 8, 2019, while Plaintiff was in the process of boarding the ADVENTURE OF THE SEAS via a gangway, a hinged portion of the gangway flipped forward, striking the Plaintiff in the back of his left knee.

12.     As a direct and proximate result of being struck in the back of his left knee with the hinged portion of the gangway as alleged in the previous paragraph, the Plaintiff was injured in and about his body and extremities, ultimately requiring knee surgery, suffered pain and suffering therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation or activation of preexisting injuries, and the inability to lead a normal life.  Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries. Plaintiff has also lost earnings and will continue to lose earnings or earning capacity in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

## COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE OF GANGWAY

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

13.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the gangway where Plaintiff was injured in a reasonably safe condition for passenger ingress and egress. This duty included a duty to maintain the gangway in an even, stable and safely leveled condition, in order to ensure safe embarkation and disembarkation for passengers including the Plaintiff. The duty of ramp maintenance included the responsibility to inspect the ramp for loose panels, misleveled, uneven or otherwise unsafe conditions and timely to correct those conditions once they were or should have been detected.

14.     At all material times the gangway surface where the Plaintiff was injured was in a high traffic area since it was specifically designated for embarkation and disembarkation of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being unleveled, inadequately secured, and having loose or inadequately secured hinges and due to ambient windy conditions increasing motion and instability of the gangway. No alternative embarkation or disembarkation options were available to Plaintiff.

15.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the need to maintain the ramp in a safely even, leveled and secured condition

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

and knew or in the exercise of reasonable care should have known of the risks to passengers embarking or disembarking the vessel, such as the Plaintiff, created by misleveling, uneven gangway surfaces, inadequate securing of the gangway,  inadequately secured gangway sections, and loose or inadequately secured hinges on gangway sections, particularly in the ambient windy conditions. The Defendant's actual or constructive knowledge was derived from prior use of the same or substantially similar gangway systems, industry standards regarding the use, design and securing of gangways, the recurring nature of the conditions, prior similar occurrences, knowledge of weather conditions such as windiness which would increase the risks to passengers, and the length of time the ambient conditions had existed before the Plaintiff was injured.

16.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway where Plaintiff was injured, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the gangway in a reasonably safe condition by correcting the unsafe conditions alleged above, more adequately securing the gangway and gangway sections, by adjusting the positioning of the gangway, more adequately securing the gangway, covering it to protect it from wind, or otherwise. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

17.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 12 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

18.    At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers including the Plaintiff adequately of any risks created by the condition of the gangway leading onto the vessel, including inadequate securing of the gangway as a whole or of sections of the gangway, misleveling or unevenness of the gangway, or hazards created by ambient weather conditions such as the then existing windy conditions.

19.    At all material times the gangway surface where the Plaintiff was injured was in a high traffic area since it was specifically designated for embarkation and disembarkation of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being unleveled, inadequately secured, and having loose or inadequately secured hinges and due to ambient windy conditions increasing motion and instability of the gangway.  No alternative embarkation or disembarkation options were available to Plaintiff.

20.    At all material times the Defendant knew or should in the exercise of reasonable care have known of the risks to passengers boarding the vessel, such as the Plaintiff, as specified

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

in the preceding paragraph.  The Defendant's actual or constructive knowledge was derived from prior use of the same or substantially similar gangway systems, industry standards regarding the use, design and securing of gangways, the recurring nature of the conditions, prior similar occurrences, knowledge of weather conditions such as windiness which would increase the risks to passengers, and the length of time the ambient conditions had existed before the Plaintiff was injured.

21.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway where Plaintiff was injured as alleged above, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures adequately to warn the Plaintiff of the risks to passengers including the Plaintiff alleged above through adequate signage or markings, orally delivered warnings, or otherwise.

22.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained serious injuries as alleged in Paragraph 12 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT III– NEGLIGENT FAILURE TO IMPLEMENT ADEQUATE POLICIES AND PROCEDURES

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above and further alleges:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

23.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to implement and enforce safety policies and procedures to maintain safe ingress and egress to and from the Defendant's vessel. This duty of reasonable care included a duty to implement and enforce policies and procedures, which if followed, would have resulted in adequate securing of the gangway to provide reasonably safe ingress and egress for passengers including the Plaintiff and/or adequate warnings of hazards presented by the condition of the gangway..

24.     At all material times the ramp where the Plaintiff was injured was in a high traffic area specifically designated for ingress and egress of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being unleveled, inadequately secured, and having loose or inadequately secured hinges and due to ambient windy conditions increasing motion and instability of the gangway.   No alternative embarkation or disembarkation options were available to Plaintiff.

25.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the hazard posed to passengers by Defendant's failure to implement and enforce adequate policies and procedures for use and securing of gangways, particularly in windy conditions such as those existing on the date of Plaintiff's injury, and knew or should have known of the risks to passengers embarking or disembarking the vessel, such as the Plaintiff, created by such a failure to implement and enforce adequate policies and procedures.  The Defendant's actual

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

or constructive knowledge was derived from prior use of the same or substantially similar gangway systems, industry standards regarding the use, design and securing of gangways, the recurring nature of the conditions, prior similar occurrences, knowledge of weather conditions such as windiness which would increase the risks to passengers, and the length of time the ambient conditions had existed before the Plaintiff was injured.

26.     Notwithstanding Defendant's actual or constructive knowledge of the necessity to implement and enforce adequate policies and procedures for use and securing of the gangway, the Defendant failed before the time of the Plaintiff's injury to take reasonable steps to implement and enforce such adequate policies and procedures.   The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

27.     As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained serious injuries as alleged in Paragraph 12 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### COUNT IV –NEGLIGENT FAILURE TO SUSPEND, DELAY OR STOP DISEMBARKATION

28.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-12 above.

29.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain safe ingress and egress to and from the Defendant's vessel. This

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

duty of reasonable care included a duty to delay, stop or suspend embarkation or disembarkation procedures under conditions such as inclement weather in which those procedures would be dangerous for passengers.

30.     At all material times the gangway where the Plaintiff was injured was in a high traffic area specifically designated for ingress and egress of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to ambient windy conditions increasing movement and instability of the gangway and thereby making it unsafe for passengers to traverse.

31.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the hazard posed to passengers, including the Plaintiff using gangways for ingress or egress during the ambient windy conditions.  The Defendant's actual or constructive knowledge was derived from prior use of the same or substantially similar gangway systems, industry standards regarding the use and securing of gangways in windy conditions, the recurring nature of the conditions, prior similar occurrences, knowledge of weather conditions such as windiness which would increase the risks to passengers, and the length of time the ambient conditions had existed before the Plaintiff was injured.

32.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway where Plaintiff was injured as alleged above, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to delay or suspend embarkation and disembarkation procedures or to stop passengers, including the Plaintiff, from disembarking or embarking the vessel until such time as the hazard created by the inclement windy weather had

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

CASE NO.

ceased and the gangway had been made safe for embarking and disembarking.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

33.    As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained serious injuries as alleged in Paragraph 12 above and has sustained and will continue in the future to sustain the damages alleged in Paragraph 12.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 3rd  day of September, 2020.

**s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com